# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

United States of America,

          Plaintiff,

vs.

Addonis Hester,

          Defendant.

Criminal No.  03-120 (3) (RHK/RLE)
Civil No. 05-1028 (RHK)
**ORDER**

_____

      In his Section 2255 Motion to Set Aside Sentence, Defendant alleges that his attorney refused to file an appeal of his 120-month sentence and, as a result, he was deprived of his right to be sentenced under <u>Booker</u>.  The Motion will be denied.

      In his written plea agreement, Defendant agreed to

> waive all rights conferred by Title 18, United States Code, Section 3742 to appeal his sentence, unless the Court sentences the defendant outside of the guideline range of 121-151 months.  The defendant understands that the Court will sentence the defendant in conformity with the United States Sentencing Guidelines.  The defendant has discussed these rights with his attorney.  The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

      At his hearing with respect to his proposed change of plea, he was questioned as follows by the Assistant United States Attorney:

> Q  Paragraph 17 talks about waiver of appeal rights.  You are agreeing that you are not going to appeal any sentence that is essentially a lawful sentence and that isn't above 151 months, right?
>
> A  Yes.

The Court questioned the Defendant as follows:

Q  Let me cover once more: The defendant has a right to appeal whatever sentence is imposed, that's a right which a defendant has.  In this plea agreement you are giving up that right to a large extent.  You understand that?

A  Yes, sir.

Q  This plea agreement provides that if you are sentenced basically to 151 months in prison or less, you will not be able to appeal or challenge the sentence, either by what we call a direct appeal or a collateral attack–that is, an appeal after you have been sentenced.  You won't be able to appeal then either.  You understand that?

A  Yes, sir.

Q  That decision, you know what you are doing?

A  Yes, sir.

Q  You realize you can't change your mind?  You can't get sentenced and then say, well, I really didn't know what that meant.  I thought I could at least challenge the sentence.  You won't be able to do that.

A  Yes, sir.

The Court then asked his counsel, in Defendant's presence, the following:

THE COURT: Are you satisfied that he understands that if that sentence is 151 months or less, he has no right to appeal or challenge it?

MS. ELLIS: He understands that as well.

The Guidelines range was 121-151 months with a mandatory minimum sentence of 120 months.  He received a 120-month sentence.  At his sentencing hearing, the Court again referred to the plea agreement and advised the Defendant that he had waived his right to appeal the sentence.

Defendant's allegations with respect to his appeal rights cannot be accepted as true because they are contradicted by his own agreement with the Government and his own testimony under oath when the Court accepted his guilty plea.  That testimony is unequivocal that he waived his right to appeal any sentence imposing a term of imprisonment of 151 months or less.

His request for relief under <u>Booker</u> is without merit as he was sentenced to a mandatory minimum 120-month term of imprisonment pursuant to 21 U.S.C. § 841(b)(1)A.

Because the Defendant may appeal this Order, the Court concludes that he is not entitled to a Certificate of Appealability pursuant to 28 U.S.C. § 2253(c)(1)A.  The issues to be raised by an appeal are not debatable among reasonable jurists.  The undersigned finds no reason to believe that Defendant's Section 2255 claim could be decided any differently in any other court–including the Eighth Circuit Court of Appeals.  He has not made a substantial showing of the denial of a constitutional right.

Accordingly, and upon all the files, records and proceedings herein, **IT IS ORDERED**:

1.  Defendant's Motion (Doc. No. 119) under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence is **DENIED**; and

2.  The Court declines to issue a Certificate of Appealability.

Dated: August 24, 2005

                                        s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge